IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN BLAZER,

      Plaintiff,                    No. CIV S-11-3431 CKD P

   vs.

R. PAUL WHITMORE,

      Defendant.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has consented to have a magistrate judge conduct all proceedings in this case. <u>See</u> 28 U.S.C. § 636(c). On March 26, 2012, the court dismissed plaintiff's complaint with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

1  In order to avoid dismissal for failure to state a claim a complaint must contain
2  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
3  of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other
4  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
5  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a
6  claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.
7  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
8  draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
9  S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be
10 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
11 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
12 Rhodes, 416 U.S. 232, 236 (1974).

13  As with his original complaint, plaintiff alleges he injured his hand while
14 removing sheet metal from a wall at the direction of defendant. He blames his injury on
15 defendant failing to provide plaintiff with gloves.

16  The Eighth Amendment's prohibition of cruel and unusual punishment imposes
17 on prison officials, among other things, a duty to "take reasonable measures to guarantee the
18 safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer,
19 468 U.S. 517, 526-27 (1984)). An inmate's Eighth Amendment rights can only be violated by a
20 prison official if that official exposes an inmate to a "substantial risk of serious harm," while
21 displaying "deliberate indifference" to that risk. Id. at 834.

22  The facts alleged in plaintiff's complaint simply do not state a violation of the
23 Eighth Amendment. While the court assumes there is some risk of serious laceration when
24 working with sheet metal barehanded, the court cannot assume all barehanded sheet metal work
25 presents a substantial risk of serious laceration or other harm and plaintiff fails to point to any
26 facts particular to his case demonstrating an elevated risk of harm. While it might have been

prudent for defendant to offer plaintiff gloves before plaintiff began his work, such can not, under the facts alleged, amount to cruel and unusual punishment.

Because the court has already informed plaintiff of the flaws with his Eighth Amendment claim and provided plaintiff and opportunity to cure the flaws by way of amendment, granting further leave to amend appears futile.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted; and

2. This case is closed.

Dated: May 23, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
blaz3431.dis